UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CR. 12-50027-04-JLV |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER DENYING MOTION TO SEVER** |
| FRANCISCO ESCOBAR-TINJERO, a/k/a Francisco Escobar | ) | DOCKET NO. 122 |
| Defendant. | ) | |

## INTRODUCTION

Francisco Escobar-Tinjero is charged in a superseding indictment with a sole count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. Docket No. 20. Three other co-defendants, Hugo Arechiga-Torres, Wilber Sinai Valdovinos-Gil, and Tomas Torres, are charged in the same superseding indictment. Id. Defendant Francisco Escobar-Tinjero moves to sever his case from that of his co-defendants. Docket No. 122. The government opposes Escobar-Tinjero's motion to sever. Docket No. 142. The Chief District Court Judge, the Honorable Jeffrey L. Viken, referred this motion to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(A). Docket No. 129.

1

**FACTS**

The superseding indictment alleges that no later than June 2010, the four co-defendants knowingly and intentionally participated in a drug conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Mr. Escobar-Tinjero alleges that the underlying events stem from a single incident where he accompanied co-defendants to Sioux Falls, South Dakota, on or about March 31, 2012. The co-defendants are currently scheduled for a joint trial on May 7, 2013.

**DISCUSSION**

Defendant's motion presents two issues: (1) whether joinder is proper under Federal Rule of Criminal Procedure 8(b); and (2) if such joinder is proper under Rule 8(b), whether severance is warranted under Rule 14. Mr. Escobar-Tinjero also raises a potential Bruton issue. See Bruton v. United States, 391 U.S. 123 (1968).

**A.   Severance Pursuant to Fed. R. Crim. P. 8(b)**

Rule 8(b) provides as follows:

> **Joinder of Defendants.** The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

FED. R. CRIM. P. 8(b).

The clear authority in the Eighth Circuit holds that "[a]n indictment must reveal on its face a proper basis for joinder." United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998). The indictment must state "some common activity involving all the defendants which embraces all the charged offenses, but it is not necessary that each defendant have participated in each act or transaction of the series." United States v. Andrade, 788 F.2d 521, 529 (8th Cir. 1986). The prerequisites for joinder of defendants under Rule 8(b) are to be liberally construed. See United States v. Bledsoe, 674 F.2d 647, 655 (8th Cir. 1982). The court has no discretion to deny severance of defendants who are not properly joined under Rule 8(b). Id. at 654.

Defendant urges this court to consider look beyond the face of the indictment to determine whether joiner is appropriate. Docket No. 122 at 2. The Eighth Circuit addressed this issue at length in United States v. Grey Bear, an evenly divided 5-to-5 opinion. United States v. Grey Bear, 863 F.2d 572 (8th Cir. 1988) (*en banc*). An evenly divided *en banc* opinion has no precedential value and only applies to the case it decides. Id. at 573. Although the Grey Bear decision does not represent the law of the Eighth Circuit, the analysis in the statement issued by then-Chief Judge Lay and joined in by Judges Heaney, McMillian, Arnold, and Wollman is instructive.

In Chief Judge Lay's statement, he wrote, "[t]he Supreme Court has consistently acknowledged that Rule 8(b) is a pleading rule, to be applied before trial by examining allegations in the indictment." Id. at 576. Chief Judge Lay also referred to the text of Rule 8(b) for support. Id. at 576-577. He noted that the rule appears in the section of the Federal Rules of Criminal Procedure entitled "Indictment and Information." Id. Also, Chief Judge Lay noted that the text of the rule refers to defendants who are "*charged* in the same *indictment* . . . if they are *alleged* to have participated in the same act or transaction." Id. Through the use of the italicized words, Chief Judge Lay concluded that the rule itself refers solely to the allegations in the indictment as the only basis for determining whether joinder is proper. Id.

Chief Judge Lay's position in Grey Bear has become the law in the Eighth Circuit. See Wadena 152 F.3d at 848.[1] Accordingly, this court will follow the law of the Eighth Circuit and look to the face of the indictment only for "some common activity involving all the defendants which embraces all the charged offenses." Andrade, 788 F.2d at 529.

---

[1] The Wadena opinion was decided by Judge Lay, Judge Beam, and Judge McMillian. Wadena, 152 F.3d at 836. Judge Beam had originally joined in the statement in opposition to then-Chief Judge Lay's statement in the Grey Bear case. Grey Bear, 863 F.2d at 580. In Wadena, Judge Beam concurred in the majority opinion as to the Rule 8(b) severance issue. Wadena, 152 F.3d at 857 n.34.

The Eighth Circuit has noted that "persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together." United States v. Donnell, 596 F.3d 913, 923 (8th Cir. 2010) (citing United States v. Jones, 880 F.2d 55, 63 (8th Cir. 1989)). All co-defendants need not have participated equally in each stage of the conspiracy. See, e.g., United States v. Jenkins-Watts, 574 F.3d 950, 967 (8th Cir. 2009); United States v. Chantharath, No. CR 10-40004-1, 2011 WL 4708836, at *2 (D.S.D. Oct. 4, 2011) (stating: "if the indictment charges a conspiracy and alleges the existence of a scheme or links the codefendants together in a common plan, then joinder is usually appropriate").

Mr. Escobar-Tinjero cites Ninth Circuit cases stating that offenses must arise out of the same "series of acts or transactions." Docket No. 122 at 3. Mr. Escobar-Tinjero does not offer support, however, for why he believes that the defendants have been misjoined. The argument that trial may be prejudicial relates to Rule 14(a) and will be discussed in detail below.

Joinder of defendants is proper in this case because each of the four co-defendants has been charged in the same conspiracy; this satisfies the language of Rule 8 that co-defendants participate in the "same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b). Defendant asserts that the government's facts are insufficient to justify joinder. If the government's facts

5

are insufficient to prove that Mr. Escobar-Tinjero participated in the alleged conspiracy, defense counsel may properly submit this argument to the jury at trial or to the district judge at the close of the government's evidence.

**B.    Severance Pursuant to Fed. R. Crim. P. 14(a)**

Mr. Escobar-Tinjero also moves for severance pursuant to Rule 14(a). Rule 14(a) provides:

> **Relief.** If the joinder of offense or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

FED. R. CRIM. P. 14(a).

The standard of prejudice a defendant must show is "real prejudice" to that individual defendant. United States v. Payton, 636 F.3d 1027, 1037 (8th Cir. 2011) (citing United States v. Sandstrom, 594 F.3d 634, 644 (8th Cir. 2010)). This is a heavy burden to show "that his defense is irreconcilable with the defense of his codefendant or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants." Id. The Eighth Circuit has observed that "it will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators." United States v. Frazier, 280 F.3d 835, 844 (8th Cir. 2002); see also Donnell, 596 F.3d at 923; Andrade, 788 F.2d at 529.

Mr. Escobar-Tinjero alleges a joint trial will be prejudicial because co-defendants will raise mutually exclusive defenses. Docket No. 122. He argues

6

that his defense is irreconcilable with another co-defendant, but fails to state what that co-defendant's defense will be.  Id.  "Mutually antagonistic defenses are those which force the jury to disbelieve the core of one defense in order to believe the core of the other."  Hood v. Helling, 141 F.3d 892, 896 (8th Cir. 1998).  Mr. Escobar-Tinjero denies any involvement in the drug conspiracy and claims that Hugo Torres' statements will implicate him in the conspiracy.  Id.  The introduction of Hugo Torres' statement could present other issues, such as a potential Bruton violation, which is discussed below, but does not create a problem of mutually antagonistic defenses.

Next Mr. Escobar-Tinjero argues that he will not be able to call co-defendants at a joint trial because those co-defendants may invoke their Fifth Amendment privilege.  To be successful on this argument, Mr. Escobar-Tinjero must establish that a co-defendant will testify and that his testimony will be exculpatory.  United States v. Mickelson, 378 F.3d 810, 818 (8th Cir. 2004); see also United States v. Delpit, 94 F.3d 1134, 1143-44) (8th Cir. 1996)).  Mr. Escobar-Tinjero has not established that a co-defendant will testify on his behalf.

Next Mr. Escobar-Tinjero argues that severance is required to avoid any potential Bruton issues if the government were to introduce co-defendants' statements in its case-in-chief.  "Bruton is grounded on the Sixth Amendment right to confrontation and prohibits the admission of an out-of-court confession

7

by a nontestifying defendant implicating a co-defendant by name in the crime." United States v. High Elk, 442 F.3d 622, 625 (citing United States v. Karam, 37 F.3d 1280, 1287 (8th Cir. 2004) (internal citation omitted)). The government responded that it does not intend to introduce any out-of-court co-defendant statements in its case-in-chief, but may introduce statements as rebuttal if the co-defendants testify. Docket No. 142. There is no Bruton violation "where the declarant testifies at trial and is available for cross-examination." High Elk, 442 F.3d at 625 (citing Karam, 37 F.3d at 1287). See also United States v. Spotted Elk, 548 F.3d 641, 662 (8th Cir. 2008); United States v. Graham, No. 08-50079-01, 2008 WL 5424142 at *3-*15 (D.S.D. Dec. 27, 2008) (discussing in detail the Eighth Circuit's application of Bruton to co-conspirator statements following the Supreme Court's landmark decision in United States v. Crawford, 541 U.S. 36 (2004)).

Finally, Mr. Escobar-Tinjero argues that the jury will fail to compartmentalize the evidence at a joint trial, which will violate his right to due process. Docket No. 122. He states only that he will "likely be prejudiced by evidence admissible only against his co-defendants." Id. This is insufficient to meet the "real prejudice" standard discussed above. "As a practical matter, disparity among the co-defendants in extent of involvement and culpability is commonplace in conspiracy cases and does not alone show the kind of prejudice that would require a district court to sever, rather than to respond

8

with some less drastic measure such as a curative instruction." Spotted Elk, 548 F.3d at 658. Mr. Escobar-Tinjero has failed to establish that a joint trial will result in "real prejudice."

**CONCLUSION**

Based on the foregoing law and analysis, it is hereby

ORDERED that defendant Escobar-Tinjero's motion to sever [Docket No. 122] is denied.

**NOTICE OF RIGHT TO APPEAL**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See Fed. R. Crim. P. 58(g)(2); 59(a). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Fed. R. Crim. P. 59(a) Objections must be timely and specific in order to require review by the district court.

Dated April 17, 2013.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE